to abide the event.    Merwin, J., concurred. Hardin, P. J., not voting.

Priscilla Stoddard, Respondent, v. Jane D. Brazell, Appellant.— Judgment of the Justice's Court and that of the County Court reversed, with costs.—

PARKER, J.: It is impossible to determine from the evidence just how the justice made up his judgment of sixty dollars and fortynine cents damages against the defendant, but it seems very clear that no such amount is warranted by the proofs before him. The plaintiff swears that on August 25, 1891, there was a balance due her of eighty-four dollars and four cents, and she put in evidence Exhibit A, as showing the items of debit and credit upon which she based that claim. Conceding that all such items are correct, and properly proven, yet that balance falls short of the amount allowed by the justice, and his right to add to that balance must be found in the plaintiff's evidence, wherein she claims that there were certain other items not included in that account, and to which she was entitled. Upon none of these additional items, save, perhaps, the item of interest, has she made proof sufficient to entitle her to recover for them. Thus no evidence is given of any fact showing that defendant owed eight dollars and eighty cents for surplus paid her for use of her premises. The only evidence is that a charge was made for that amount, which, of course, is no proof of a liability to pay it. Also the plaintiff shows no facts whatever tending to prove the defendant liable for any injury her horse may have sustained in defendant's barn. There is a total failure of any evidence of negligence or of liability for such injury; yet she has added an item of twelve dollars for such damage. So the evidence does not show that the defendant had anything whatever to do with the pitcher broken at plaintiff's house and for which she has charged five dollars. Nor could she be charged ninety cents for a jar left by plaintiff at her house. It was left there with butter in it, and there is nothing to show but that it is still awaiting plaintiff's call for it, or, indeed, that it was not sold with the butter. As to the jar,

and the whip, and the rubbers, and measure, and bags, there is no proof that defendant took them, nothing whatever to connect her with their loss, nothing to show that she was under the slightest obligation to protect them. The item of three dollars for keeping defendant's family and horse at plaintiff's house is not sufficiently proven to show any liability on defendant's part to pay it. The plaintiff merely swears that she made the charge, and that it was worth that to keep them. She does not tell how many there were, how long they were kept, nor any fact upon which she bases her conclusion that it was worth that sum, nor does she give any fact showing why defendant, a married woman, living with her husband, should pay for the keep of his family. The credits which the plaintiff allows against these additional items, and which are not on her bill, Exhibit A, amount to six dollars and sixty cents. These stand conceded as items for which she should have been credited. They are so much of defendant's counterclaim which plaintiff concedes to be correct. Clearly giving defendant the benefit of these credits, there are no items proven that should run the balance of forty-eight dollars and four cents up to sixty dollars and fortynine cents. We do not attempt to modify this judgment by adjusting the account between those parties. The evidence is very conflicting as to defendant's counterclaims, and as to the amount she claims to have paid upon the account, and for which she has received no credit. Several items of the account, Exhibit A, are also disputed by her, and the proof as to the accuracy of the account is also very slight on plaintiff's part. Neither does it very clearly appear why defendant, and not her husband, should be liable for the items of such account. We think the merits of the case can be more certainly determined by a new trial, and since the judgment appealed from is evidently not warranted by the proof it must be reversed. The judgment of the justice and that of the County Court reversed, with costs. Hardin, P. J., and Merwin, J., concurred.

---

## FIFTH DEPARTMENT, DECEMBER TERM, 1895.

Charles McLouth, Respondent, and Pliny T. Sexton, Appellant, v. George C. Hunt and Others, Respondents.— Judgment affirmed on the opinion of the referee, costs of this appeal to the parties respectively, payable out of the income of the fund.

John J. P. Read, Appellant, v. August Simon, Respondent.—Judgment and order affirmed.

In the Matter of the Disposition of the Real Estate of Edward Howard, Deceased; Phœbe J. Hogan, Contestant, Appellant; Daniel Kavanaugh, Petitioner, Respondent.— Judgment affirmed, without costs.

Charles R. St. John, and Another, Respondents, v. Oliver A. Colvin, Appellant.— Judgment affirmed.

Joao Francisco De Freitas, Respondent, v. William H. Greenhow, Appellant.— Judgment affirmed.

Fall Brook Coal Company, Appellant, v. Robert C. Hewson, Respondent.— Judgment and order affirmed. Bradley, J., not voting.

Jaccheus Colby and Others, Appellants, v. James H. Doty and Others, Respondents.— Interlocutory judgment affirmed, with costs.

First National Bank of Perry, Respondent, v. Joseph E. Cole, as Receiver, etc., Appellant, Impleaded with Others.—Judgment affirmed, with costs.

John N. Church, Respondent, v. The People's Building, Loan and Saving Association, Appellant.— Judgment reversed and new trial granted, costs to abide the event, unless the plaintiff within twenty days stipulates to reduce the recovery of damages to $371, and interest from December 2, 1894, and in that event the judgment be so modified, and as modified affirmed, without costs of this appeal to either party. Adams, J., not sitting. See opinion in O'Malley v. Same (ante, p. 572.)

Mary D. Wall, Respondent, v. John C. Howk, as Executor, etc., of Elisha M. Wall, Appellant.— Judgment affirmed, with costs, payable out of the estate.

George Weber, Respondent, v. Nancy R. Houck, Appellant.— Judgment and order affirmed.

David Watters, Respondent, v. Waring S. Weed and Others, Appellants.— Judgment and order reversed and new trial granted, costs to abide the event.—

ADAMS, J.: The defendants in this action, at the time of its commencement, were engaged in the business of manufacturing lumber. Their mill was located at Glen Hazel, Penn. On the 19th day of October, 1891, they entered into a contract with the plaintiff, by the terms of which the plaintiff agreed to cut and deliver on board tram